FILED
United States Court of Appeals
Tenth Circuit

July 19, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ERNEST WEST,

Plaintiff - Appellant,

v.

THE PEOPLE OF COLORADO; CITY
AND COUNTY OF DENVER;
DENVER POLICE DEPARTMENT;
DENVER POLICE - AARON LOPEZ
#95-62; and ATTORNEY WADE H.
ELDRIDGE #65198,

Defendants - Appellees.

No. 11-1144

(D. Colorado)

(D.C. No. 1:10-CV-03130-LTB)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **MURPHY**, and **MATHESON**, Circuit Judges.

After examining the appellant's brief and the appellate record, this court has concluded unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Proceeding *pro se*, Ernest West appeals the dismissal of the civil rights action he brought pursuant to 42 U.S.C. §§ 1983 and 1985. In the complaint, originally filed on December 23, 2010,[1] West asserted claims arising from a 2000 Colorado arrest and conviction for distribution of a controlled substance. West sought compensatory damages, punitive damages, and the expungement of his conviction.

In a comprehensive order, the district court detailed a myriad of defects with West's complaint. The court noted West's claims against the state of Colorado are barred by the Eleventh Amendment, his claims against his attorney cannot be brought pursuant to § 1983 because he has not alleged his attorney acted under color of state law, his claims against the Denver Police Department must be asserted against the City and County of Denver, his claims against the City and County of Denver fail because he has not alleged the existence of a policy or custom that led to his alleged injuries, and the allegations of conspiracy are conclusory and not supported by specific facts. Ultimately, however, after noting that all of West's claims implicitly challenge the validity of his state conviction, the district court dismissed the complaint without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm

---

[1]In response to an order of the district court, West filed an amended complaint on March 18, 2011.

caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

Having reviewed the record, West's appellate brief, and the applicable law, we conclude the dismissal of West's § 1983 complaint without prejudice was proper. Accordingly, finding no reversible error, we **affirm** the district court's dismissal of West's complaint for substantially the reasons stated in the district court's order dated March 28, 2011, with the following amplification. To the extent West seeks expungement of his conviction or otherwise attempts to collaterally attack that conviction, his claims must be brought in a habeas proceeding.

West's motion to proceed *in forma pauperis* on appeal is **denied** and West is reminded of his responsibility to immediately remit any unpaid balance of the appellate filing fee.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-3-